IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONRAD LEE VARGAS,

          Plaintiff,

v.                                                        OPINION and ORDER

ROBERT MANN, BARRY CLARK, JAY MINSHALL,        21-cv-17-jdp
and LARRY BONNER,

          Defendants.

---

Plaintiff Conrad Lee Vargas, appearing pro se, is an inmate at Green Bay Correctional Institution. Vargas has filed a new lawsuit alleging that he suffered a severe hand injury while working in the metal shop at the Jackson Correctional Institution. He alleges that his injury was caused by damaged equipment that defendant prison officials wouldn't fix. But this court has already resolved Vargas's claims about his injury: in *Vargas v. Mann*, No. 16-cv-565-jdp, I granted summary judgment on his federal claims to the same defendants he sues now, and I declined to retain supplemental jurisdiction over his state-law negligence claims. Dkt. 36 and Dkt. 41 in the '565 case. Judgment was entered in that case on January 23, 2019. *See* Dkt. 42 in the '565 case.

Vargas can't relitigate the claims that I've already decided: under the doctrine of claim preclusion, a final judgment on the merits of an action precludes a party from relitigating issues that were raised or could have been raised in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under federal law, claim preclusion has three elements: (1) the parties in the two suits must be actually or functionally the same; (2) the claims in the two suits must arise out of the same set of operative facts or the same transaction; and (3) there must a final judgment on the merits in the first case. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013). Those

elements are met here. And Vargas continues to maintain that he and defendants are Wisconsin citizens, so he can't bring his state-law claims in this court either. They must be filed in state court.

Vargas styles his filing as a complaint, but in an attached cover letter he says that he wants to "re-file" his existing case, Dkt. 1-1, which suggests that he doesn't mean to open a brand-new lawsuit. Even if Vargas is trying to reopen the already closed '565 case, I would deny that motion because far too much time has passed to reopen the case and he doesn't give any reason to do so. But because it's possible that he intended to continue with his prior lawsuit instead of filing a brand-new lawsuit, the court will not charge him a filing fee for this case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for the reasons stated above. The clerk of court is directed to enter judgment accordingly.

2. Plaintiff will not owe a filing fee for this case. The clerk of court is directed to route plaintiff's payments toward his debts in other cases in this court.

Entered April 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge